WALLACE MAYO, RESPONDENT, *v.* SALLIE M. DAVIDGE
AND OTHERS, APPELLANTS.

*Pleading — counter-claim — it must exist at the time the action was commenced — Code of Civil Procedure, sec. 501.*

In this action, brought to foreclose a mortgage made by the defendant, Sallie M. Davidge and her husband, and obtain a judgment against them for any deficiency, the defendants served an answer averring, among other defenses, a loan made by the husband to the plaintiff, a balance due thereon, an assignment of that balance to one Longuemon, and a reassignment of the same by him to the defendants. It was not alleged in the answer that the assignment to the defendants was made before the commencement of this action.

*Held*, that as it did not appear that the counter-claim was in the hands of the defendants at the time the action was commenced, a demurrer interposed by the plaintiff to that portion of the answer was properly sustained.

APPEAL from so much of an order, and from so much of the interlocutory judgment entered thereon in Kings county, as sustains the demurrer of the plaintiff to the counter-claim set up in the answer of the defendants.

*F. C. Cantine*, for the appellants.

*H. S. Snow*, for the respondent.

BARNARD, P. J.:

The complaint is one for the foreclosure of a mortgage made by Sallie M. Davidge and her husband for $2,000. A judgment for a deficiency is asked against both the wife and the husband, and the loan, so far as disclosed by the complaint, was made to them jointly. They answer and, among other defenses, aver a loan made by the husband to the plaintiff, a balance due thereon, an assignment of that balance to one Longuemon, and a reassignment of the same by him to the defendants Davidge and husband. The answer does not contain an averment that the assignment was made or that the defendants above named obtained the title thereto before the commencement of this action. A demurrer was interposed to the counter-claim thus pleaded. By section 501 of the Code the character of a counter-claim is established: In any action on contract, "any other cause of action on contract existing at the commencement of the action." By section 495 it is made a cause for demurrer to a counter-claim that it is not of the character specified in section 501. It is, therefore, essential to a counter-claim that it exist in the hands of the defendants who set it up, at the time of the commencement of the action. The rights of the parties become fixed according to the facts which existed when the plaintiff commenced his action. This is in accordance with the rules of pleading as they have always existed. It is never proper for a party defendant to buy a defense or a counter-claim after he was sued. Insolvency was never a reason why the rules of pleading should vary. All parties are under the same rules of pleading. It cannot be assumed that the wife, under the allegations of the complaint, is not liable for the deficiency and that the husband is alone liable, so as to prevent the counter-claim on behalf of the husband. The husband does not own the same; his former title passed from him and the

reassignment was taken to the wife and husband. Their right to set it up does not exist, because it was acquired after suit brought.

Judgment affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order sustaining demurrer to counter-claim, and judgment affirmed, with costs.